**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **CRIMINAL ACTION** |
| | ) | |
| v. | ) | No. 14-10104-MLB |
| | ) | |
| JERMALL CAMPBELL, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

<u>**MEMORANDUM AND ORDER**</u>

This case comes before the court on the following:

1) Defendant's motion to compel (Doc. 23) and the government's response (Docs. 28, 29);

2) Defendant's objection to Rule 404(b) evidence (Doc. 24) and the government's response (Doc. 30); and

3) Defendant's motion in limine (Doc. 25) and the government's response (Doc. 31).

**I.    Facts**

Defendant is charged in a single count indictment of felon in possession of ammunition. (Doc. 1). Defendant seeks to limit the introduction of his criminal history and gang affiliation. Defendant also seeks an order from the court requiring the government to produce certain evidence.

**II.  Analysis**

**A.    Motion to Compel**

Defendant seeks "an order directing the government to search for, locate and produce for inspection all <u>Brady</u> and other physical evidence and the <u>Giglio</u> evidence requested in the motion." (Doc. 23

at 6). The government responds that it has complied with its obligations under <u>Brady</u> and <u>Giglio</u> and provided defendant with all information that it is required to disclose. The court finds the government's response satisfactory.

Defendant's motion is denied, without prejudice.

**B.   Objection to Rule 404(b) Evidence**

Defendant seeks an order prohibiting the government from introducing evidence of his prior convictions or crimes at trial. (Doc. 24). Defendant has attached a proposed stipulation, but it has not been signed by defendant. If defendant voluntarily agrees to stipulate to the existence of the prior felony conviction, then it will not be necessary for the government to offer independent evidence of its existence. But defendant is not required to stipulate and if he does not, proper evidence of the prior conviction can be offered and, if appropriate, admitted. The court will cover the matter of a stipulation with defendant out of the presence of the jury before trial. Obviously, government counsel can refer to the existence of defendant's prior conviction during opening statement; the conviction does not constitute Rule 404(b) evidence. The court assumes that the matter of defendant's prior conviction may be the subject of voir dire.

**C.   Motion in Limine**

Defendant moves to limit the introduction of various evidence at trial. To the extent it can with the information before it, the court will briefly rule on the issues. The court cautions the parties, however, that nothing in this order will preclude the admissibility of the excluded evidence if it otherwise becomes relevant at trial.

-2-

See <u>Turley v. State Farm Mut. Ins. Co.</u>, 944 F.2d 669, 673 (10th Cir. 1991).

**Prior Conviction**

As discussed, this will not be admitted in the government's case in chief if defendant agrees to the stipulation.

**Gang Affiliation**

Defendant seeks exclusion of any evidence that he is associated with the Neighborhood Crips street gang.  The government responds that it will not introduce this evidence unless defendant opens the door to a relevant line of inquiry.  Defendant's motion is sustained.

**Expert Reports**

Defendant seeks to exclude any expert reports that were not disclosed as of September 7, 2014, the date set forth in the scheduling order for disclosure.  The government seeks an extension of that deadline due to the previous trial continuance.  This case is set for jury trial on December 16, 2014.  Therefore, the new deadline for the disclosure of expert reports is November 18, 2014.

**Remaining Issues**

The remaining issues raised by defendant are denied for the reasons stated in the government's response.

## III. Conclusion

Defendant's motion to compel (Doc. 23) is denied.  Defendant's objection to Rule 404(b) evidence (Doc. 24) is taken under advisement. Defendant's motion in limine (Doc. 25) is granted in part and denied in part.

IT IS SO ORDERED.

Dated this __14th__ day of October 2014, at Wichita, Kansas.

-3-

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE